CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* COOK ET AL.

[No. 12,300. Filed March 10, 1926. Rehearing denied July 2, 1926. Transfer denied November 24, 1926.]

1. RAILROADS.—*Railroad company liable for the damage to property resulting from change or relocation of track.*—Under the provisions of §12946 Burns 1926 (which is the section as amended in 1907, Acts 1907 p. 373), a railroad company that changes or relocates any part of its track is liable for the damages sustained by property owners by reason of such change or relocation, and, when the track is removed for a distance of one mile or more and the old track is abandoned, the damages must be paid previous to such change, relocation or abandonment. p. 359.

2. RAILROADS.—*Owner of mill adjacent to a railroad which has relocated its track and abandoned the old track is entitled to have appraisers appointed to determine his damages, though he does not own the land occupied by the railroad.*—Under the provisions of §12946 Burns 1926, the owner of a mill located adjacent to a railroad and connected with the track by a sidetrack is entitled to have appraisers appointed to determine whether he is entitled to damages for the removal of the track

and the abandonment of the old track, and, if so, to assess such damages, as the statute does not limit the liability of the company to the owners of the fee of the land occupied by the railroad.  p. 360.

From Boone Circuit Court; *Frank E. Hutchinson,* Judge.

Application by Charles W. Cook and others for appointment of appraisers to assess damages for the removal of a railroad track by the Cleveland, Cincinnati, Chicago and St. Louis Railway Company.  From an order appointing appraisers, the railway company appeals.  *Affirmed.*  By the court in banc.

*Leonard J. Hackney, Harry L. Quigley, Frank L. Littleton, W. H. Parr* and *Forest Chenoweth,* for appellant.

*R. P. Bundy* and *Shirley, Whitcomb & Dowden,* for appellees.

McMAHAN, J.—Appellees filed an application or complaint asking for the appointment of appraisers to assess damages claimed to have been suffered by them by reason of the relocation and removal of appellant's railroad from a right of way adjoining a mill and grain elevator of appellees in Zionsville, Boone county.

Appellant's motion to strike out part of the complaint and a motion to dismiss being overruled, objections to the appointment of appraisers were filed, and after a trial, the court found and adjudged that appellees were entitled to have appraisers appointed "to assess the damages accruing to them by reason of the removal of the tracks of the defendant from the lands adjacent to the real estate of plaintiffs."  Appraisers were appointed, appellant's motion for a new trial overruled, and this appeal followed.

Appellant's main contention is that the evidence is not sufficient to sustain the decision of the court appointing the appraisers.

The undisputed facts, as disclosed by the evidence, are, in substance, as follows: Appellees own a mill and elevator located in Zionsville, on real estate owned by them and which adjoins the right of way of appellant. The railroad had been located and operated as a single track road on this right of way since about 1850. The mill in question was moved to its present location on real estate adjoining the right of way at least forty years ago. An addition in the way of an elevator was built to the mill about 1905. No part of this building is on the right of way and appellees have no title to any of the land included in appellant's right of way. In 1901, the then owners of the mill, desiring to have a side track constructed by their property and connecting with appellant's main line, entered into a written agreement with appellant, wherein appellant agreed to construct the switch, under named conditions which are not necessary to set out. The side track was to be owned by appellant. The railroad company was given the right, after sixty days notice, to discontinue the use of and to remove this track. In 1922, appellant filed its application with the Interstate Commerce Commission for a certificate of necessity authorizing a relocation of its line between Glen and St. Clair in Boone county. This application was granted, and appellant authorized to relocate its line departing from the old line about three and one-half miles southeast of Zionsville and returning to the old line one and a half miles northwest of Zionsville. Thereafter, appellant proceeded to and did build a new double track line one-half mile west of appellees' property, so that appellees' mill and elevator, at the present time, is that distance from the railroad and has no connection therewith by side track or otherwise.

Sections 12931, 12945 and 12946 Burns 1926, §§5195, 5247 and 5248 Burns 1914, give railroads authority to

make local alterations and changes in the location of their lines. Said §12946 Burns 1926, *supra,* reads in part as follows: "And any change so made by any railroad company shall subject said railroad company to the payment of all damages that may be sustained by any person, persons, or corporation on account of such change: Provided, That if any railroad company change or relocate any part of its track for a distance of one mile or more, thereby abandoning any part of its track or road as previously located, constructed and operated, for a distance of one mile or more, such railroad company shall, previous to such change, relocation or abandoning, pay to the owner or owners of any real estate lying upon, along or near the route or line of said road from which such track is proposed to be taken, all damages which may accrue to such owner or owners on account of such removal; such damages shall be assessed in the same manner as lands taken for railroad purposes in pursuance of the statute now in force in this state; and said damages, when so assessed, shall be paid to the owner or owners of said lands, or paid into the office of the clerk of the county in which said lands are located, for the use of said owner or owners, previous to the relocation or abandonment of said tracks." That part of said section just quoted was inserted in the statute in 1907, Acts 1907 p. 373. Prior to that time, there was nothing in the statute subjecting a railroad to the payment of damages sustained by reason of any change in location.

Appellant contends that since it did not move its tracks a mile or more from appellees' land, they are not entitled to any damages; that the statute only

1. applies when the road has been moved laterally a distance of one mile or more from a person's property; that it is immaterial what distance the tracks may be changed longitudinally along the line of the

railroad.   But we do not so understand the law.   That part of the section first quoted provides that, "any change so made by any railroad company shall subject said company to the payment of all damages that may be sustained" by any person on account of such change. This is followed by the provision referring to the change for a distance of one mile or more, and which provides that in such cases, the railroad company, "shall, *previous* to such change, relocation or abandoning, pay the owner *   *   * all damages which may accrue to such owner *   *   * on account of such removal."   (Our italics.) If the tracks are not to be removed for a distance of a mile, the railroad company is not required to pay the damages in advance of the removal.   If the tracks are to be removed for a distance of a mile or more, the damages under the statute are to be paid in advance.

Appellant next contends that since the evidence shows no tracks were removed from appellees' land, they are not entitled to recover any damages.   The statute does not limit the right to recover damages to the owner of the fee of the land occupied by the railroad company.   The statute makes the railroad liable for the payment of damages sustained "by any person, persons or corporation on account of such change."   We are not called upon at this time to discuss the right of an individual as a member of the general public, or to determine whether such an individual is entitled to damages.   That question is not involved in the instant case.

It may be, as contended for by appellant, that it had the right to remove the side track and that appellees are not entitled to be allowed any damages because of its removal.   The damages have not yet been assessed. When the damages are assessed, if it appears that any damages are allowed because of the removal of the side track, that question may become important.   All we are

required to decide in the instant case is: Did the court err in appointing appraisers to assess appellees' damages? And we hold the court had such power. There was no error in overruling appellant's motion for a new trial. Neither was there any reversible error in overruling the motion to strike out a part of the complaint, nor in overruling the motion to dismiss.

Judgment affirmed.